IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FMC CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHOSHONE-BANNOCK TRIBES,<br><br>　　　　Defendant. | Case No.  4:14-CV-489-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

This case was originally assigned to Judge Lodge who referred discovery matters to Magistrate Judge Dale. On March 23, 2015, Judge Dale held a conference with counsel and directed both sides to file briefs on the discovery issue. Those briefs were subsequently filed by both sides. On September 10, 2015, the case was reassigned to me, and a week later I withdrew the reference to Judge Dale as part of my general policy not to refer discovery issues. I have now reviewed the briefs and will resolve the discovery issue below.

## LITIGATION BACKGROUND

In this lawsuit, FMC challenges a Shoshone-Bannock Tribal Court judgment (1) finding that the Tribes have jurisdiction to require FMC to obtain a permit to store hazardous waste on Reservation fee lands owned by FMC, and (2) ordering FMC to pay the Tribes $20 million representing ten years of unpaid permit fees. *See Judgment (Dkt. No. 35-7).*  FMC argues that the judgment should not be enforced because "the court was

controlled by the Tribes, denying FMC any semblance of a fair hearing." *See FMC Brief (Dkt. No. 36)* at p. 2.  The dispute to be resolved in this decision is whether FMC is entitled to conduct discovery on the fairness of the Tribal Court process or whether it is limited to the existing record of that process.

## ANALYSIS

A federal court has authority to enforce a tribal court judgment as a matter of comity so long as the defendant was afforded due process and the tribal court has personal and subject matter jurisdiction. *See Wilson v. Marchington,* 127 F.3d 805 (9th Cir. 1997).  Due process means "there has been opportunity for a full and fair trial before an impartial tribunal that conducts the trial upon regular proceedings after proper service or voluntary appearance of the defendant, and that there is no showing of prejudice in the tribal court or in the system of governing laws." *Id.* at 811.

Thus, if FMC can show "prejudice in the tribal court," FMC would have a defense to enforcement of the Tribal Court judgment.  Under Rule 26(b)(1), FMC may conduct discovery regarding any matter "that is relevant to" its claims or defenses.  Certainly, discovery concerning the fairness of the Tribal Court process would be relevant to FMC's claim that its due process rights were violated.

The Tribes argue, however, that FMC was required to exhaust its due process argument in Tribal Court, failed to do so, and cannot now conduct discovery on its due process claim as if it had no duty to exhaust.  The Supreme Court has mandated the exhaustion of tribal remedies as a prerequisite to a federal court's exercise of its jurisdiction: "[E]xhaustion is required before such a claim may be entertained by a

**Memorandum Decision & Order – page 2**

federal court." *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 851-53 (1985). This is true even for non-Indian defendants sued in a tribal court who allege that the proceedings exceed tribal sovereign jurisdiction. *Burlington Northern R. Co. v. Crow Tribal Council,* 940 F.2d 1239, 1244 (9th Cir. 1991).

In *National Farmers*, the Supreme Court recognized that tribal courts are capable of resolving difficult jurisdictional issues. 471 U.S. at 856–57. That decision teaches that tribal courts (1) should be afforded a "full opportunity" to determine their own jurisdiction, (2) are capable of "rectifying errors," (3) will create a more complete record for eventual federal court review, and (4) will provide federal courts with the benefit of tribal court "expertise." *Id.* "The requirement of exhaustion of tribal remedies is not discretionary; it is mandatory." *Id*. at 1245.

Exhaustion is not required, however, when (1) "an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) the assertion of jurisdiction "patently violat[es] . . . express jurisdictional prohibitions," or (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction." *Iowa Mutual Ins. Co. v. LaPlante,* 480 U.S. 9, 19, n. 12.

FMC does not attempt to argue that one of these exceptions applies. For example, FMC does not argue that it was deprived of an opportunity to challenge the Tribal Court's jurisdiction or was the victim of harassing or bad faith conduct on the part of the Tribal Court.

Instead, FMC argues that the Tribal Court process was biased. But "allegations of local bias and tribal court incompetence . . . are not exceptions to the exhaustion

**Memorandum Decision & Order – page 3**

requirement." *Burrell v Armijo,* 456 F.3d 1159, 1168 (10th Cir. 2006). If a litigant could avoid exhaustion simply by arguing bias, he would sneak under the higher standard required by *National Farmers* that he show harassment or bad faith, rendering that standard a nullity.

In fact, the reasons cited by *National Farmers* and *Iowa Mutual* for requiring exhaustion apply with equal strength to claims of a due process violation. Exhausting due process claims gives the tribal court an opportunity to cure the problem, make a complete record, and provide its expertise for review by the federal district court – the very reasons supporting exhaustion cited by *National Farmers* and *Iowa Mutual*.

The Court therefore finds that FMC had an obligation to exhaust its due process claims. FMC argues that its due process rights were violated in two principal ways: (1) The Tribal Courts are improperly influenced by the Tribal Business Council; and (2) Two judges on the Tribal Appellate Court were biased against FMC, ignored many of FMC's legal arguments, and made major rulings adverse to FMC.

With regard to the first alleged due process violation, FMC presents no argument here that it exhausted this argument in the Tribal Court system. Thus, FMC is precluded from raising the argument and conducting discovery on it in this Court.

FMC is on stronger ground with its second due process allegation regarding the two biased judges. An "impartial tribunal" is an important tenet of due process that every tribal court must provide to its litigants. *Wilson,* 127 F.3d at 811. FMC filed two briefs with the Tribal Appellate Court arguing that two judges on the Court – who had participated in decisions adverse to FMC and who had since been replaced – were biased

**Memorandum Decision & Order – page 4**

against FMC.  *See Exhibit 7-2 (Dkt. No. 35-10).*  FMC produced a transcript of public comments made by the judges at a legal conference allegedly showing their bias, and sought to set aside the decisions in which these two judges participated.  *Id.*

With these arguments, FMC clearly exhausted its claim that the two judges were not impartial.  While the record before this Court does not show that the Tribal Appellate Court addressed FMC's argument, it is enough for exhaustion purposes that FMC raised the argument.

Thus, FMC may argue to this Court that it was deprived of due process because of the bias of those two Tribal Judges.  The Court will review FMC's due process argument *de novo.  Bird v. Glacier Electric Coop.,* 255 F.3d 1136, 1140-41 (9th Cir. 2001).  To support that argument, FMC may offer the same material it presented to the Tribal Appellate Court, specifically the transcript of the public comments.

FMC wants more, however; it wants to conduct discovery on the issue.  The Tribes object, arguing that FMC has waived its right by failing to conduct discovery at the Tribal Court level and present a full argument to the Tribal Courts.

To support this objection, the Tribes point out that one of FMC's attorneys, Maureen Mitchell, was present on March 23, 2012, when the two Tribal Judges were alleged to make their statements of bias against FMC at a conference held at the University of Idaho.  *See Mitchell Declaration (Dkt. No. 35-15).*  About three months later, on June 26, 2012, those two Judges joined a third to issue a decision for the Tribal Appellate Court adverse to FMC.  *See Order (Dkt. No. 35-4).*

By June 26, 2012, therefore, FMC knew that the two Judges had issued an adverse decision and had earlier made comments which were allegedly biased against the company. The Tribes argue that FMC sat on this information for almost a year before revealing it in the briefing filed with the Tribal Appellate Court, long past the time when discovery could have been conducted.

But to present these allegedly biased statements, FMC needed to produce them in an admissible form such as a transcript. However, the host of the conference, the University of Idaho, refused to produce a transcript, requiring FMC to file a lawsuit to force the University to release the transcript. *See Mitchell Declaration, supra* at ¶ 4. The litigation ended with a court order that the University release the transcript in January of 2013. *Id.* at ¶ 5; *see also Exhibit B* (showing transcript preparation date of January 30, 2013).

Thus, by the end of January 2013, FMC had a ripe claim of judicial prejudice, and also had some evidence (the transcript) to support that claim. FMC did not request or conduct discovery on this claim in the Tribal Court despite the fact that the Shoshone-Bannock Law & Order Code §3.26 allows for some forms of discovery. FMC does not argue that discovery was unavailable in the Tribal Court. Instead of requesting or conducting discovery on the judicial bias claim, FMC waited about three months before raising the claim in its briefing: It was not until May 6, 2013, that FMC filed its two briefs arguing for the first time that the two judges were biased.

The Tribes argue that FMC could have conducted discovery on the bias between January and May of 2013, to present a full case to the Tribal Courts, but failed to take

**Memorandum Decision & Order – page 6**

advantage of that opportunity.  FMC offers no rebuttal as to why it did not seek discovery on this issue during those months.

To allow a litigant to conduct full-blown discovery here, after he failed to conduct discovery in the tribal court litigation, would ignore *National Farmers* and *Iowa Mutual*. Those cases directed that all issues be fully presented to the tribal court so that it might cure any problems and give the federal court the benefit of its expertise.  If a due process issue like judicial bias is not fully developed through discovery before being presented to the tribal court – and the litigant simply sits on his discovery rights until he gets into federal court – the tribal court never gets a chance to review the discovery, apply its expertise, and cure any unfair judicial bias revealed by the discovery.  That is antithetical to the analysis of *National Farmers* and *Iowa Mutual.*

Accordingly, the Court holds that FMC cannot conduct the discovery here that it should have conducted in the Tribal Court.  At the same time, as discussed above, FMC may raise the judicial bias argument here and may offer to this Court the same material it presented to the Tribal Appellate Court.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that with regard to FMC's due process claim contained in Section IV.C of the First Amended Complaint, FMC may raise its argument that two Tribal Judges were biased against it, but may not conduct discovery on that claim.



DATED: November 9, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 8**